OPINION. Hill, Judge: The issue is whether respondent erred in determining that petitioner realized a short term capital gain in 1945 on shares of stock sold in 1942. Sections 42, 111, and 117 of the Internal Revenue Code. The transaction in 1942 wherein petitioner exchanged the 10 shares of stock for money consideration of an indefinite amount was a sale and, contrary to petitioner’s allegation and argument on brief, was not an exchange for contracts of sale considered as property of an indeterminate fair market value. Cf. Burnet v. Logan, 283 U. S. 404; Cortland Specialty Co. v. Commissioner, 60 F. 2d 937, certiorari denied 288 U. S. 599; Commissioner v. Moore, 48 F. 2d 526, certiorari denied 284 U. S. 620; Warner Co., 26 B. T. A. 1225; W. B. Geary, 6 B. T. A. 1109, modified by stipulation of the parties 30 F. 2d 1011; see also H. W. Johnston, 14 T. C. 560. The language used throughout the contracts of sale, the receipts for the shares, and the memorandum attached to the 1943 return leave no doubt that this transaction was regarded as a sale by petitioner at the time of the transaction and subsequently until 1944. Pursuant to the terms of the contracts, the shares of stock were delivered to the authorized agent of the purchaser on or about July 30, 1942, and the agent gave petitioner receipts for them, a copy of which has been stipulated. The period during which the shares were held was thus terminated on the day of sale, July 29, 1942, less than 6 months from the date of acquisition, June 1, 1942. Since the shares were held less than 6 months, the gain which ultimately was realized was within the statutory definition of a short term capital gain. Section 117 of the Code. The provisions of the contracts of sale for future payments contingent on the production and sale of certain products, and the modifications in 1944, have no bearing on the length of time petitioner held the shares in question. Cf. Estate of Henry H. Rogers, 1 T. C. 629, affd. 143 F. 2d 695, certiorari denied 323 U. S. 780; W. H. Hay, 25 B. T. A. 96. The petitioner, who was on a cash accounting basis, properly reported no gain in 1942 when the sale took place. At that time he did not receive a sum in excess of the cost basis and it was also not possible to foretell with reasonable certainty under the contingent payment terms of sale whether or not there would be a gain or loss to report. Sections 42 and 111 of the Code. Until the cost basis was recovered and sums in excess were realized, or the transaction was otherwise closed, no gain or loss could be computed and petitioner correctly treated the payments received as a return of capital. Thereafter, in 1944, when the first payment in excess of the cost basis was received, petitioner properly reported it as a short term capital gain. Burnet v. Logan, supra; Commissioner v. Moore, supra. We conclude that respondent did not err in determining that the amount in question, $5,350.80, received in 1945 for stock purchased June 1, 1942, and sold July 29, 1942, was a short term capital gain realized in 1945. Decision will he entered for the respondent.